USDC SCAN INDEX SHEET

















SWD    7/6/05    12:35

3:05-CV-01359    RIPPEE V. BOSTON MARKET CORP

*1*

*NTCREM.*





1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   PAULA M. WEBER # 121144
2  50 Fremont Street
   Post Office Box 7880
3  San Francisco, CA 94120-7880
   Telephone: (415) 983-1000
4  Facsimile: (415) 983-1200

5  PILLSBURY WINTHROP SHAW PITTMAN LLP
   DAWN M. BRADBERRY  204893
6  101 W. Broadway, Suite 1800
   San Diego, CA  92101-8219
7  Telephone: (619) 234-5000
   Facsimile: (619) 236-1995

8
   Attorneys for Defendant
9  BOSTON MARKET CORPORATION



FILED

JUL - 5 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

10                 UNITED STATES DISTRICT COURT

11                 SOUTHERN DISTRICT OF CALIFORNIA

12

13

14  JACLYN RIPPEE, an individual; and ROES
    1-10 on behalf of themselves and in a
15  Representative capacity for all others
    similarly situated,
16
                              Plaintiffs,
17
         vs.
18
    BOSTON MARKET CORPORATION, and
19  DOES 1 through 50, inclusive,
20
                              Defendants.
21

22

23

24

25

26

27

28

'05 CV 1359 BTM    (JMA) 
No.

NOTICE OF REMOVAL OF ACTION
PURSUANT TO THE CLASS ACTION
FAIRNESS ACT OF 2005, 28 U.S.C. §§
1332(d)(2) and 1453

ORIGINAL

50204480v1                    - 1 -

 

1   To the clerk of the above-entitled Court:

2   PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act of 2005,

3   28 U.S.C. §§ 1332(d) and 1453, Defendant BOSTON MARKET CORPORATION

4   ("Boston Market") hereby removes to this Court the state court action described below:

5   1.   On May 27, 2005, a purported class action entitled <u>Rippee v. Boston Market</u>

6   <u>Corporation</u> was commenced in the Superior Court of the State of California for the County

7   of San Diego, as case number GIC 848267 ("the State Court Action").  A true and correct

8   copy of the State Court Action complaint is attached hereto as Exhibit A.

9   2.   Boston Market was served on June 2, 2005.  A true and correct copy of the

10   Summons served upon Boston Market is attached hereto as Exhibit B.  The Complaint and

11   Summons constitute all pleadings, process, and orders served on Boston Market to date.

12   3.   To Boston Market's knowledge, other than Boston Market, no defendant has

13   been served with a copy of the summons and complaint.  No defendant has answered,

14   moved, or otherwise responded to the complaint.

15   4.   Under the Class Action Fairness Act, "[t]he district courts shall have original

16   jurisdiction of any civil action in which the matter in controversy exceeds the sum or value

17   of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any

18   member of a class of plaintiffs is a citizen of a State different from any defendant." 28

19   U.S.C. § 1332(d)(2)(A).

20   5.   This action is a civil action over which this Court has original jurisdiction

21   under the Class Action Fairness Act of 2005 because:

22   a.   the matter in controversy exceeds the sum of $5,000,000, as demonstrated by

23   requests for admission, specifically request for admission number 34, served by the plaintiff

24   on June 23, 2005, a true and correct copy of which is attached hereto as Exhibit C;

25   b.   based on the allegations of the complaint, there are more than 100 putative

26   class members;

27   c.   all of the putative class members are citizens of California;

28

NOTICE OF REMOVAL PURSUANT TO
28 U.S.C. §§ 1332(d)(2) and 1453

1        d.    Boston Market Corporation is incorporated in Delaware, and has its

2    principle place of business in Colorado, and is therefore not a citizen of California.

3        6.    Boston Market first ascertained that the State Court Action was removable

4    on June 23, 2005 when it was served by plaintiff with requests for admissions stating that

5    the amount in controversy exceeds $50,000,000.  See Exhibit C hereto.

6        7.    This Notice of Removal is filed on behalf of Boston Market within the time

7    allowed by 28 U.S.C. § 1446(b), since this notice has been filed within thirty days after

8    service of the complaint on Boston Market.  See Murphy Bros., Inc. v. Michetti Pipe

9    Stringing, Inc., 526 U.S. 344, 354-55 (1999).

10        8.    This Notice of Removal is also timely filed pursuant to 28 U.S.C. § 1446(b)

11    because it was filed within thirty days after Boston Market first ascertained, on June 23,

12    2005, that the amount in controversy exceeds $50,000,000.  See Exhibit C hereto.

13        Dated:  July 5, 2005.

14                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                PAULA M. WEBER # 121144

15                    50 Fremont Street
                Post Office Box 7880

16                    San Francisco, CA 94120-7880

17                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                DAWN M. BRADBERRY

18                    101 W. Broadway, Suite 1800
                San Diego, CA  92101-8219

19

20                    By _____

21                       Attorneys for Defendant
                   BOSTON MARKET CORPORATION

22

23

24

25

26

27

28

NOTICE OF REMOVAL PURSUANT TO
28 U.S.C. §§ 1332(d)(2) and 1453

FILED
CIVIL BUSINESS OFFICE 8
CENTRAL DIVISION

05 MAY 27  PM 3: 50

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  **LORENS & ASSOCIATES, APLC**
Wayne Alan Hughes (SBN 48038)
2  L. Tracee Lorens (SBN 150138)
1202 Kettner Blvd., Suite 4100
3  San Diego, Ca 92101
Telephone: (619) 239-1233
4  Facsimile:  (619) 239-1178

5  **CADENA CHURCHILL, LLP**
Raul Cadena (SBN 185787)
6  1202 Kettner Blvd., Suite 4100
San Diego, CA 92101
7  Telephone: (619)234-3776
Facsimile:  (619)234-3641

8

9  Attorneys for Plaintiffs and all others similarly situated

10

11                **SUPERIOR COURT OF CALIFORNIA**

12                    **COUNTY OF SAN DIEGO**

13

14  JACLYN RIPPEE, an individual; and ROES 1-10)   Case No.:  **GIC 848267**
on behalf of themselves and in a representative)
15  capacity for all others similarly situated    )
                                                )  **CLASS AND REPRESENTATIVE**
16                Plaintiffs,                    )  **ACTION COMPLAINT FOR**
                                                )  **DAMAGES AND INJUNCTIVE**
17  v.                                           )  **RELIEF FOR:**
                                                )
18  BOSTON MARKET CORPORATION, and DOES)  **1. FAILURE TO PAY MINIMUM**
1 through 50, inclusive                         )  **WAGE (Labor Code §§ 1194, 1194.2,**
19                                               )  **1197);**
                Defendants.                     )  **2. FAILURE TO PAY OVERTIME**
20                                               )  **COMPENSATION (Labor Code §§**
                                                )  **510, 1194 et. seq.);**
21                                               )  **3. FAILURE TO PROVIDE REST**
                                                )  **PERIODS AND PROPER MEAL**
22                                               )  **PERIODS OR COMPENSATION IN**
                                                )  **LIEU THEREOF (Labor Code §§**
23                                               )  **226.7, 512);**
                                                )  **4. FAILURE TO TIMELY PAY**
24                                               )  **WAGES DUE AT TERMINATION**
                                                )  **(Labor Code §§ 201, 202, 203);**
25                                               )  **5. CONVERSION;**
                                                )  **6. UNFAIR BUSINESS PRACTICES**
26                                               )  **(Business & Professions Code**
                                                )  **§ 17200 et. seq.);**
27                                               )  **7. FAILURE TO PROVIDE**
                                                )  **ACCURATE WAGE**
28                                               )  **STATEMENTS (Labor Code § 226);**
                                                )  **8. THEFT OF LABOR;**
                                                )  **9. DECLARATORY RELIEF;**

                            -1-

| | ) | 10. ACCOUNTING; and |
| | ) | 11. INJUNCTIVE RELIEF |

## I.

## INTRODUCTION

1.    Plaintiffs bring this action pursuant to Code of Civil Procedure §382, against BOSTON MARKET CORPORATION (including all California Boston Market restaurants, collectively referred to as "BOSTON MARKET" or "Defendants") for engaging in a systematic scheme of wage abuse against their Non-Exempt classified employees in California. This scheme involved, inter alia, failing to record and pay for Non-Exempt employees' off-the-clock work and overtime and failure to pay for such employees' missed and/or interrupted meal and rest breaks. The Non-Exempt employees include Crew Members, Hourly Shift Managers and Hourly Shift Supervisors. As a result of Defendants' systematic and illegal scheme of failing to properly pay such employees throughout California, BOSTON MARKET has violated California common and statutory laws as described more particularly below.

## II.

## THE PARTIES

2.    Plaintiff JACLYN RIPPEE ("RIPPEE") is an individual residing in San Diego County, California. She has worked for BOSTON MARKET for approximately three years as a Crew Member, Hourly Shift Manager and Hourly Shift Supervisor at various BOSTON MARKET restaurants in California including Camarillo City in Ventura County and more recently in El Cajon and Vista in San Diego County. On multiple occasions during her employment with BOSTON MARKET and during the Class Period, Plaintiff RIPPEE worked time off-the-clock for which she was never paid, worked overtime for which she was not paid and was not properly compensated for missed and/or interrupted meal and rest breaks.

3.    Plaintiffs bring this action for themselves and in a representative capacity pursuant to California Business and Professions Code §17000-17200 et seq., and as a class action on behalf of themselves and all others similarly situated.

///

1        4.     Defendant BOSTON MARKET CORPORATION is a corporation qualified to do

2 business in the State of California and actually doing business within the State of California and

3 County of San Diego.

4        5.     Plaintiffs are unaware of the true names and legal capacities of those Defendants

5 sued herein as DOES 1 through 50, and therefore sue those Defendants by these fictitious names.

6 Plaintiffs will seek leave of Court to amend this complaint to allege their true names and capacities

7 when ascertained. Plaintiffs are informed and believe and thereon allege that each DOE Defendant

8 is in some way responsible for the acts, omissions, and damages alleged in this Complaint.

9        6.     Plaintiffs are unaware of the true names of ROES 1-10, and therefore add them as

10 Plaintiffs by these fictitious names. Plaintiffs will amend the complaint to add their true names

11 when ascertained.

12        7.     At all times mentioned herein, each and every Defendant and entity named herein

13 was the agent, principal, employer, employee, partner, joint venturer, officer, director, controlling

14 shareholder, subsidiary, affiliate, parent corporation, and/or successor in interest and predecessor

15 of each and every other Defendant and entity. In doing the things alleged herein, each and every

16 Defendant was acting within the course and scope of these relationships, and was acting with the

17 consent, permission, authorization, and acquiescence of each of the remaining Defendants. All

18 actions of each Defendant alleged herein were ratified and approved by the other Defendants and/or

19 their officers or managing agents.

20        8.     Each of the above described Defendants was engaged with some or all of the other

21 Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the

22 other Defendants so as to be liable for their conduct.

23                                 **III.**

24                     **JURISDICTION AND VENUE**

25        9.     This Court has jurisdiction over all causes of action asserted herein pursuant to the

26 California Constitution, Article VI, §10, because this case is a cause not given by statute to other

27 trial courts. The monetary damages sought by Plaintiffs total in excess of this Court's jurisdictional

28 minimum. And, Defendants are subject to personal jurisdiction in this State.

10.     Venue is proper in this Court because BOSTON MARKET has several restaurants in San Diego County and the wrongful conduct alleged herein occurred in San Diego County.

IV.

**GENERAL ALLEGATIONS**

11.     BOSTON MARKET is a "home meal replacement" restaurant corporation with over 40 company owned restaurants in California.

12.     Defendants offered the Plaintiffs and each Class member employment as Non-Exempt employees which each Plaintiff and Class member accepted, thereby entering into an employment relationship governed by the California Labor Code and its implementing regulations and orders. At the time each Plaintiff and Class member accepted employment with Defendants, they were expressly told the rate they would earn for each hour worked.

13.     One of BOSTON MARKET's largest expenses is the payroll of its Non-Exempt employees. BOSTON MARKET has "ridden the backs" of its Non-Exempt employees to increase profitability by creating and implementing a system that fails to properly compensate its employees throughout California for off-the-clock work and overtime and for missed and/or interrupted meal and rest breaks.

14.     During the class period, Defendants committed, and continue to commit, acts of wage abuse against their Non-Exempt employees including, but not limited to, failing to properly compensate Non-Exempt employees throughout California for off-the-clock work, overtime and missed and/or interrupted meal and rest breaks.

15.     Defendants' pattern and practice of failing to pay its Non-Exempt employees for working off-the-clock is, in part, carried out through its culture and corporate policies. Defendants pressure employees to complete their shift assignments through intimidation, threats of discharge and demands, while at the same time precluding such employees from clocking in for hours worked and necessary to accomplish their shift assignments. Consequently, employees must work after being clocked out and through meal and rest breaks.

16.     Defendants have adopted and are using unfair business practices to hold down pay to such employees, including the Plaintiffs and the Class. Among these unfair business practices

1 | are failing to pay Non-Exempt employees for work off-the-clock, causing Non-Exempt employees
2 | to work without receiving adequate meal and rest breaks and manipulating time and wage records
3 | to reduce the amounts paid to Defendants' employees. It is through these corporate policies and
4 | practices that Defendants carry out the wage and hour violations.

5 |       17.    Defendants' corporate policies also encourage employees not to record all their time
6 | actually worked and/or not take their meal and rest breaks. Defendants' corporate practice is to pay
7 | little or no overtime.

8 |       18.    Defendants exploit some of the class members' ignorance of the law and fear of
9 | losing their jobs into working off-the-clock and overtime, without adequate pay, and through and
10 | during their meal and rest breaks.

11 |       19.    Defendants deceitfully hide behind written policies that purport to forbid these
12 | unlawful labor practices while at the same time maintaining an institutionalized unwritten policy
13 | that mandates these unlawful practices. If an employee makes an issue of not being paid for
14 | unrecorded time and not being allowed to take their meal and rest breaks, BOSTON MARKET
15 | feigns ignorance or terminates the employee(s).

16 |       20.    Defendants' failure to provide compensation for all work performed and
17 | unprovided rest and meal periods, and failure to correctly maintain records pursuant to Labor Code
18 | section 226(b) during the liability periods, was willful and deliberate.

19 |       21.    Defendants have made it difficult to account with precision for off-the-clock work,
20 | unpaid overtime worked and unprovided meal and rest periods because they did not accurately
21 | make, keep or preserve the hours worked by such employees as required by California Labor Code
22 | section 226 and the applicable IWC Wage Orders, regulations and statutes.

23 | **CLASS ACTION ALLEGATIONS**

24 |       22.    Plaintiffs, and the class they seek to represent, include thousands of former and
25 | current Non-Exempt employees of BOSTON MARKET.

26 |       23.    Plaintiffs bring this action against Defendants on their own behalf and on behalf
27 | of all other persons similarly situated, as a class action, under Code of Civil Procedure section 382.
28 | Plaintiffs seek to represent a class composed of and defined as follows: all former Non-Exempt

1  employees of BOSTON MARKET, including Crew Members, Hourly Shift Managers and Hourly

2  Shift Supervisors, who on at least one occasion within the last four years were not compensated

3  for off-the-clock work.

4      24.    Plaintiffs also seek to represent a subclass composed of and defined as follows: all

5  current Non-Exempt employees of BOSTON MARKET, including Crew Members, Hourly Shift

6  Managers and Hourly Shift Supervisors, who on at least one occasion within the last four years

7  were not compensated for off-the-clock work.

8      25.    Plaintiffs also seek to represent a subclass composed of and defined as follows: all

9  former Non-Exempt employees of BOSTON MARKET, including Crew Members, Hourly Shift

10  Managers and Hourly Shift Supervisors, who on at least one occasion within the last four years

11  worked in excess of (8) hours per day and/or (40) forty hours per week and were not paid overtime.

12      26.    Plaintiffs also seek to represent a subclass composed of and defined as follows: all

13  current Non-Exempt employees of BOSTON MARKET, including Crew Members, Hourly Shift

14  Managers and Hourly Shift Supervisors, who on at least one occasion within the last four years

15  worked in excess of (8) hours per day and/or (40) forty hours per week and were not paid overtime.

16      27.    Plaintiffs also seek to represent a subclass composed of and defined as follows: all

17  former Non-Exempt employees of BOSTON MARKET, including Crew Members, Hourly Shift

18  Managers and Hourly Shift Supervisors, who on at least one occasion within the last four years

19  were not provided a first and/or second meal period of at least 30 minutes for each day in which

20  such employee worked in excess of five hours or regarding the second meal period, in excess of

21  ten hours, and were not provided compensation of one hour's pay for each day on which such meal

22  period was not provided.

23      28.    Plaintiffs also seek to represent a subclass composed of and defined as follows: all

24  current Non-Exempt employees of BOSTON MARKET, including Crew Members, Hourly Shift

25  Managers and Hourly Shift Supervisors, who on at least one occasion within the last four years

26  were not provided a first and/or second meal period of at least 30 minutes for each day in which

27  such employee worked in excess of five hours or regarding the second meal period in excess of ten

28  hours, and were not provided compensation of one hour's pay for each day on which such meal

1 | period was not provided.

2 |      29.    Plaintiffs also seek to represent a subclass composed of and defined as follows: all

3 | former Non-Exempt employees of BOSTON MARKET, including Crew Members, Hourly Shift

4 | Managers and Hourly Shift Supervisors, who on at least one occasion within the last four years

5 | were not provided a ten minute rest period for every four hours or major fraction thereof worked

6 | per day and not provided compensation of one hour's pay for each day on which such rest period

7 | was not provided.

8 |      30.    Plaintiffs also seek to represent a subclass composed of and defined as follows: all

9 | current Non-Exempt employees of BOSTON MARKET, including Crew Members, Hourly Shift

10 | Managers and Hourly Shift Supervisors, who on at least one occasion within the last four years

11 | were not provided a ten minute rest period for every four hours or major fraction thereof worked

12 | per day and not provided compensation of one hour's pay for each day on which such rest period

13 | was not provided.

14 |      31.    Plaintiffs reserve the right under Rule 1855(b) of the California Rules of Court to

15 | amend or modify the Class description with greater specificity or further division into subclasses

16 | or limitation to particular issues.

17 |     **A.**    **Numerosity**

18 |      32.    The class is comprised of an unknown number of persons at this time, but the

19 | joinder of all these individuals is impractical, and the disposition of their claims in a class action

20 | will benefit both the parties and this Court. The class is sufficiently numerous, because Defendants

21 | have employed several thousand Non-Exempt employees during the Class Period.

22 |     **B.**    **Commonality**

23 |      33.    There is a well-defined community of interest in the questions of law and fact

24 | involved affecting the parties to be represented. The class is united in its interests with respect to

25 | proof of Defendants' common course of conduct or corporate policies and practices and the alleged

26 | effects of injuries caused by such policies and practices. The questions of law and fact common

27 | to the class predominate over questions which may affect individual class members, including the

28 | following:

a.    Whether Defendants have engaged in a pattern and/or practice in California of failing to properly compensate the Plaintiffs and the Class for their work off-the-clock;

b.    Whether Defendants have engaged in a pattern and/or practice in California of encouraging Plaintiffs in the Class not to report all time worked;

c.    Whether Defendants have engaged in a pattern and/or practice in California of threatening Plaintiffs in the Class with discharge, demotion, or discrimination or otherwise intimidating them if they do not work off-the-clock;

d.    Whether Defendants violated the Wage Orders by withholding overtime compensation from class members;

e.    Whether Defendants failed to keep true and accurate time records for all hours worked by its employees and/or altered time records;

f.    Whether Defendants violated Labor Code sections 226.7 and 512, the applicable IWC Wage Orders, regulations and statutes by failing to provide daily ten minute paid rest periods to Non-Exempt employees for every four hours or major fraction thereof worked and failing to compensate the employees one hour's wages in lieu of unprovided rest periods;

g.    Whether Defendants violated Labor Code sections 226.7 and 512, the applicable IWC Wage Orders, regulations and statutes by failing to provide minimum 30 minute meal periods to Non-Exempt employees on days they worked in excess of five hours and failing to compensate the employees one hour's wages in lieu of a meal period;

h.    Whether Defendants violated Labor Code sections 226.7 and 512, the applicable IWC Wage Orders, regulating and statutes by failing to provide second meal periods to Non-Exempt employees on days they worked in excess of ten hours and failing to compensate such employees one hour's wages in lieu of a second meal period;

i.    Whether the Class is entitled to waiting time penalties under Labor Code section

-8-

1   203 and/or under payment penalties under Labor Code section 558;

2   j.   Whether Defendants violated sections 201-203 of the Labor Code by failing to pay

3   off-the-clock work, overtime and compensation for denied rest periods and meal

4   periods at the time that any Non-Exempt employee's employment with Defendants

5   terminated;

6   k.   Whether Defendants committed unfair business practices under section 17200 et

7   seq. of the Business and Professions Code;

8   l.   Whether Defendants wrongfully converted monies owed to Plaintiffs; and

9   m.   Whether Plaintiffs have been damaged and, if so, the extent of such damages and/or

10   the nature of the equitable and injunctive relief, restitution, compensatory damages

11   and punitive damages to which the class members are entitled.

12   **C.   Typicality**

13   34.   Plaintiffs are asserting claims that are typical of the claims of the various classes

14   they seek to represent.  The Non-Exempt employees were routinely required to perform tasks

15   without full compensation and were routinely denied rest and meal periods.

16   **D.   Adequacy of Representation**

17   35.   Plaintiffs will fairly and adequately represent and protect the interests of the class

18   in that they have no interests antagonistic to those of the class.  Plaintiffs have retained counsel

19   who are competent and experienced in class action litigation.  For example, Plaintiffs' attorneys

20   have successfully reached multi-million dollar settlements against Macy's (10.5 million) and Rite

21   Aid (25 million) involving claims for wage and hour violations.

22   **E.   Superiority of Class Action**

23   36.   Plaintiffs and the class members have suffered damages as a result of Defendants'

24   wrongful conduct.  Absent a class action, Plaintiffs will not recover the unpaid compensation that

25   is owed to them because the damages to each class member may be relatively small, and thus

26   would be difficult to litigate individually.

27   37.   Class action treatment will allow those similarly situated persons to litigate their

28   claims in the manner that is most efficient and economical for the parties and the judicial system.

1  Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this

2  action that would preclude its maintenance as a class action.

3      38.    Notice of the pendency of this action can be given either by regular mail or by

4  publication, the cost of which, under California law, can and should reasonably be imposed upon

5  Defendants.

6  **FIRST CAUSE OF ACTION**

7  **Failure To Pay Minimum Wage**

8  **(Cal. Lab. Code §§1194, 1194.2, 1197)**

9  **(Plaintiffs and each Plaintiff Class member against each Defendant)**

10     39.    Plaintiffs repeat and incorporate by reference paragraphs 1 through 38, inclusive,

11  as though fully set forth at length herein.

12     40.    The Class Period for this cause of action commences four (4) years prior to filing

13  this complaint according to proof.

14     41.    Labor Code section 1197 provides, "the minimum wage for employees fixed by the

15  commission is the minimum wage to be paid to employees, and the payment of a less wage than

16  the minimum so fixed is unlawful."

17     42.    Labor Code section 1194 et. seq. provides in relevant part that any employee

18  receiving less than the minimum wage applicable to the employee is entitled to recover in a civil

19  action the unpaid balance of the full amount of this minimum wage, including interest thereon,

20  reasonable attorneys' fees, and costs of suit.

21     43.    Labor Code section 1194.2 provides in relevant part that: "In any action under...

22  Section 1194 to recover wages because of a payment of a wage less than the minimum wage fixed

23  by an order of the commission, an employee shall be entitled to recover liquidated damages in an

24  amount equal to the wages unlawfully unpaid and interest thereon."

25     44.    As alleged herein, Defendants required Plaintiffs and each Plaintiff Class member

26  to work off-the-clock, overtime and during missed or interrupted meal and/or rest breaks without

27  receiving any compensation for this work.  By their actions, Defendants violated Labor Code

28  section 1197 and are liable to Plaintiffs and the Class.

1     45.    As a result of the unlawful acts of Defendants, Plaintiffs and each Plaintiff Class

2    member have been deprived of compensation in amounts to be determined at trial, and are entitled

3    to recover of such amounts, including interest thereon, attorneys' fees, costs, and any other

4    damages as set forth under California law.

5                       **SECOND CAUSE OF ACTION**

6             **(Failure to Pay Wages & Overtime Compensation)**

7               **(Labor Code sections 510, 1194 et. seq.)**

8       **(Plaintiffs and each Plaintiff Class member against each Defendant)**

9     46.    Plaintiffs repeat and incorporate by reference paragraphs 1 through 45, inclusive,

10   as though fully set forth at length herein.

11     47.    At all relevant times herein, Plaintiffs and each Plaintiff Class member were

12   entitled to payment of wages, including overtime compensation, for all time worked. Plaintiffs and

13   each Plaintiff Class member were entitled to payment of wages equal to one and one-half times an

14   employee's regular rate of pay for all hours worked in excess of forty (40) hours per work week

15   and/or eight (8) hours per day.  Plaintiffs and each Plaintiff Class member routinely were required

16   to perform tasks without receiving their normal rate of compensation and overtime compensation.

17     48.    By their policy of requiring Plaintiffs and each Plaintiff Class member to perform

18   tasks without being compensated, and requiring such employees to work in excess of eight (8)

19   hours in a workday and/or forty (40) hours in a work week without compensating such employee

20   at the rate of time and one-half (1½ ) of such employee's regular rate of pay, Defendants violated

21   the provisions of Labor Code section 1194, IWC Wage Orders, regulations and statutes.

22     49.    As a direct and legal result of Defendants' violation of the labor code and

23   applicable wage orders, Plaintiffs and each Plaintiff Class member have been damaged in an

24   amount to be proven at trial.

25     50.    Pursuant to Labor Code sections 1194 and 1199, Plaintiffs and each Plaintiff Class

26   member is entitled to, and request, unpaid overtime, interest, penalties, and reasonable attorneys'

27   fees and costs incurred in this action in an amount to be proven at or following trial of this matter.

28   ///

### THIRD CAUSE OF ACTION

**(Failure to Provide Rest Periods and Proper Meal Periods**

**Or Compensation in Lieu Thereof [Labor Code §§ 226.7, 512])**

**(Plaintiffs and each Plaintiff Class member against each Defendant)**

51.    Plaintiffs repeat and incorporate by reference paragraphs 1 through 50, inclusive, as though fully set forth at length herein.

52.    By their failure to provide paid ten-minute rest periods for every four hours or major fraction thereof worked per day by Plaintiffs and each Plaintiff Class member and failing to provide premium pay compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable IWC Wage Orders, regulations and statutes.

53.    By their failure to provide minimum 30-minute meal periods for days on which such employees worked in excess of 5 hours, and failing to provide premium pay compensation in lieu thereof, and failure to provide a second meal period for days on which Non-Exempt employees work in excess of ten hours, and failing to provide compensation for such unprovided second meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable IWC Wage Orders, regulations and statutes. By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code, Defendants have made it difficult to calculate the unpaid rest and meal period compensation due to Plaintiffs and each Plaintiff Class member.

54.    As a result of the unlawful acts of Defendants, Plaintiffs and each Plaintiff Class member seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 226, 226.7, 1194 and 1199, IWC Wage Orders, regulations and statutes.

///

///

///

## FOURTH CAUSE OF ACTION

### (Failure to Timely Pay Wages Due At Termination

### [Lab. Code, §§ 201, 202, 203])

### (Plaintiffs and each Plaintiff Class member against each Defendant)

55.     Plaintiffs repeat and incorporate by reference paragraphs 1 through 54, inclusive, as though fully set forth at length herein.

56.     Sections 201 and 202 of the California Labor Code require Defendants to pay their employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

57.     Defendants failed to pay earned wages to Plaintiffs and each Plaintiff Class member who are former employees entitled to compensation for wages earned but which to date have not received such compensation. More than 30 days have passed since such employees left Defendants' employ.

58.     As a consequence of Defendants' willful conduct in not paying all wages due within 72 hours of termination of employment compensation due and owing them, Plaintiffs and each Plaintiff Class member are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay legal overtime wages and are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay one hour's wages in lieu thereof for denied rest and meal periods, together with interest thereon and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### (Conversion)

### (Plaintiffs and each Plaintiff Class member against each Defendant)

59.     Plaintiffs repeat and incorporate by reference paragraphs 1 through 58, inclusive, as though fully set forth at length herein.

60.     The Labor Code, and other applicable law, provide that wages become the property of the employee on the next pay day after they are earned. In failing to pay and retaining the wages

1  owed to Plaintiffs and each Plaintiff Class member on and after the next pay day after they were

2  owned, Defendants wrongfully exercised dominion and control over monies otherwise owed to

3  Plaintiffs and each Plaintiff Class member.

4     61. As a direct and legal result of Defendants' actions, Plaintiffs and each Plaintiff Class

5  and subclass member have been damaged in amounts to be proven at trial.

6     62.    Defendants' conduct, in converting the pay owed to Plaintiffs and each Plaintiff

7  Class member pursuant to corporate practices and policies that Defendants knew violated

8  applicable law, was willful, malicious, oppressive, and done with conscious disregard of Plaintiffs'

9  and each Plaintiff Class member's rights, entitling Plaintiffs and each Plaintiff Class member to

10  punitive damages.

11                              **SIXTH CAUSE OF ACTION**

12                    **(Unfair Business Practices - B&P Code §17200 et seq.)**

13           **(Plaintiffs and each Plaintiff Class member against each Defendant)**

14     63.    Plaintiffs repeat and incorporate by reference paragraphs 1 through 62, inclusive,

15  as though fully set forth at length herein.

16     64.    The acts, statements and representations of Defendants, and each of them, as set

17  forth herein, constituted unlawful, unfair and fraudulent business practices pursuant to Business

18  and Professions Code section 17200 et seq.

19     65.    The failure to pay for off-the-clock work, overtime, employees' missed and/or

20  interrupted meal and rest breaks is an unlawful and unfair business practice within the meaning of

21  Business and Professions Code section 17200, et. seq. including but not limited to a violation of

22  the applicable State of California Industrial Welfare Commission Wage Orders, regulations and

23  statutes, or is otherwise a practice which is unfair and unlawful, including that Defendants did not

24  pay tax contributions on off-the-clock work, accrued overtime compensation and other wages in

25  the form of FICA, Social Security, Medicare and Unemployment Insurance.

26     66.    This cause of action is brought under Business and Professions Code sections

27  17203 and 17204, commonly called the Unfair Competition Act. Under this cause of action and

28  pursuant to Business and Professions Code section 17208, Plaintiffs and each Plaintiff Class

1    member seek restitution of wages, overtime wages, breaks violation premium pay owed and, where

2    applicable, the Plaintiffs and each Plaintiff Class member seek penalties which are provided under

3    Labor Code section 203, where such wages, overtime wages and penalties were due to Plaintiffs

4    and each Plaintiff Class member during the class period, commencing four (4) years prior to filing

5    this complaint according to proof.

6        67.    This cause of action is brought as a cumulative remedy as provided in Business and

7    Professions Code section 17205, and is intended as an alternative remedy for restitution for each

8    Plaintiff and Plaintiff Class member for the time period, or any portion thereof, commencing within

9    four (4) years prior to the filing of this complaint, and as the primary remedy of each Plaintiff and

10   Plaintiff Class member for the time period of the fourth year prior to the filing of this complaint,

11   as such one year time period exceeds the statute of limitations on statutory wage and penalty

12   claims.

13       68.    As a result of the Defendants' unlawful and unfair business practice of failing to

14   pay overtime and prompt payment of wages in violation of Labor Code sections 201 and 202, each

15   Plaintiff and Plaintiff Class member has suffered damages and is entitled to restitution in the

16   amount according to proof.

17       69.    Further, the Plaintiffs request the violations of the Defendants alleged herein be

18   enjoined, and other equitable relief as this court deems proper including an order for the payment

19   by the Defendants of tax contributions on the unpaid wages in the form of FICA, Social Security,

20   Medicare, Unemployment Insurance or other appropriate payments.

21       70.    Wherefore, Plaintiffs and each Plaintiff Class member request relief as hereinafter

22   prayed for.

23                       **SEVENTH CAUSE OF ACTION**

24                     **Failure to Provide Accurate Wage Statements**

25                        **(Labor Code §226)**

26         **(Plaintiffs and each Plaintiff Class member against each Defendant)**

27       71.    Plaintiffs repeat and incorporate by reference paragraphs 1 through 70, inclusive,

28   as though fully set forth at length herein.

72.    Defendants knowingly and intentionally failed to provide Plaintiff and each Plaintiff Class member with a true and accurate wage statement showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a).

73.    Pursuant to Labor Code section 226(e), Plaintiffs and each Plaintiff Class member are each entitled to penalties in the amount of $50 for the initial pay period in which the violation occurred, plus $100 for each violation in a subsequent pay period, up to an aggregate penalty of $4,000. In addition, Plaintiff and each Plaintiff Class member are entitled to attorneys' fees and costs in an amount to be proved at trial.

## EIGHTH CAUSE OF ACTION

### Theft of Labor Penal Code § 484

**(Plaintiffs and each Plaintiff Class member against each Defendant)**

74.    Plaintiffs incorporate paragraphs 1 through 73 of this complaint as if fully alleged herein.

75.    Plaintiffs are informed and believe, and thereon allege, that BOSTON MARKET, by the acts and omissions described above, including but not limited to promising to pay Plaintiffs and each Plaintiff Class member for their labor while intending not to pay them in the proper amounts, knowingly and designedly, by false and/or fraudulent representations and/or pretenses, defrauded Plaintiffs and all others similarly situated.

76.    By defrauding Plaintiffs and each Plaintiff Class member, BOSTON MARKET violated Penal Code §484.

77.    Plaintiffs and each Plaintiff Class member have suffered, and continue to suffer, damages as a direct and legal (proximate) result of BOSTON MARKET's violation of Penal Code §484. Plaintiffs and each Plaintiff Class member are entitled to relief for the damages they have suffered as a result of BOSTON MARKET violations of Penal Code §484, in amounts to be determined according to proof at trial.

78.    Plaintiffs and each Plaintiff Class member are informed and believe, and on that basis allege, that Defendants BOSTON MARKET and Does 1 through 50 acted willfully,

1  knowingly, and intentionally engaging in the pattern of conduct described herein. Plaintiffs and

2  each Plaintiff Class member are informed and believe, and on that basis allege that in doing the acts

3  and in engaging in the conduct herein alleged, Defendants acted in conscious disregard of the rights

4  of Plaintiffs and each Plaintiff Class member and engaged in despicable conduct which has

5  subjected Plaintiffs and each Plaintiff Class member to cruel and unjust hardship.

6     79.    Further, Plaintiffs are informed and believe, and on that basis allege, that Defendants

7  BOSTON MARKET and DOES 1 through 50, in doing the acts and engaging in the conduct herein

8  alleged, acted with a willful and conscious disregard for the rights and/or safety of others. Because

9  Defendants BOSTON MARKET have acted with such oppression, fraud, and malice, Plaintiffs and

10 each Plaintiff Class member are entitled to punitive damages, pursuant to Civil Code §§1708.7(c)

11 and 3294 in an amount that will punish Defendants for the conduct described herein and in an

12 amount that will deter them and others from engaging in similar conduct in the future.

13                          **NINTH CAUSE OF ACTION**

14                              **Declaratory Relief**

15         **(Plaintiffs and each Plaintiff Class member against each Defendant)**

16    80.    Plaintiffs incorporate paragraphs 1 through 79 of this complaint as if fully alleged

17 herein.

18    81.    An actual controversy has arisen and exists between the Plaintiffs, including the

19 Plaintiff Class on one hand, and the Defendants on the other hand, including but not limited to the

20 following controverted issues:

21    a)    Whether the Defendants willfully and unlawfully failed to pay wages and overtime

22 compensation to the Plaintiffs and Plaintiff Class members, and if so, in what amount Plaintiffs and

23 Plaintiff Class members are entitled to be paid, and the amount and appropriateness of the payment

24 by the Defendants of tax contributions on the accrued overtime compensation in the form of FICA,

25 Social Security, Medicare, Unemployment Insurance or other appropriate payments;

26    b)    Whether the Defendants willfully and unlawfully failed to promptly pay the

27 members of the Plaintiff Class wages, which were owed at the time of their termination of

28 employment with Defendants, and if so, in what amount the Plaintiffs and Plaintiff Class members

1  are entitled to be paid as penalties pursuant to Labor Code §203;

2      c)    Whether the Defendants failed to pay the members of the premium pay for

3  unprovided rest and meal periods and if so in what amount Plaintiffs and Plaintiff Class members

4  are entitled to be paid;

5      d)    Whether the Defendants are liable to pay penalties under Labor Code section 558

6  and in what amounts;

7      e)    What amounts of pre-judgment interest the Plaintiffs and each Plaintiff Class

8  member are entitled to receive from the Defendants.

9      82.    Plaintiffs and each Plaintiff Class member seek adjudication and a declaration of

10  their rights on the foregoing issues.

11      83.    Further, Plaintiffs and each Plaintiff Class member seek entry of declaratory

12  judgment in their favor which declares the practices of the Defendants as herein alleged, to be

13  unlawful, and for this court to make such orders as provide for recovery of all sums determined by

14  this court to be owed to the Plaintiffs and each Plaintiff Class member by the Defendants, or for

15  other appropriate and just relief.

16      84.    Wherefore, Plaintiffs and each Plaintiff Class member request relief as hereinafter

17  prayed for.

18  ## TENTH CAUSE OF ACTION

19  ### Accounting

20  **(Plaintiffs and each Plaintiff Class member against each Defendant)**

21      85.    Plaintiffs incorporate paragraphs 1 through 84 of this complaint as if fully alleged

22  herein.

23      86.    As herein alleged, Plaintiffs and each Plaintiff Class member are owed wages,

24  penalties, interest and restitution by the Defendants.

25      87.    Plaintiffs do not know the exact amount of wages, penalties, interest and restitution

26  due to Plaintiffs and Plaintiff Class members.  Plaintiffs are informed and believe and thereon

27  allege that each of the Defendants possess records from which the amounts of wages, penalties,

28  interest and restitution due may be determined, and an accounting of the books and records of each

-18-
COMPLAINT

1 | Defendant is required.

2 |     88.    Wherefore, Plaintiffs and each Plaintiff Class member request relief as hereinafter

3 | prayed for.

4 | ### ELEVENTH CAUSE OF ACTION

5 | **Injunctive Relief**

6 | **(Plaintiffs and each Plaintiff Class member against each Defendant)**

7 |     89.    Plaintiffs incorporate paragraphs 1 through 88 of this complaint as if fully alleged

8 | herein.

9 |     90.    As alleged above, the Defendants and each of them have in the past, and will

10 | continue to do so in the future, unless enjoined, engage in the unlawful practice of failing to

11 | properly compensate for work off-the-clock, not paying lawful wages and overtime compensation,

12 | not providing rest and meal periods or paying premium pay in lieu thereof and not promptly paying

13 | wages as required by Labor Code sections 201-203, to Plaintiffs and each Plaintiff Class member.

14 |     91.    Plaintiffs and each Plaintiff Class member have been injured and damaged, and will

15 | continue to be injured and damaged by the continued practices of the Defendants of failing to

16 | properly compensate for work off-the-clock, not paying lawful wages and overtime compensation,

17 | not providing rest and meal periods or paying premium pay in lieu thereof and not promptly paying

18 | wages as required by Labor Code sections 201-203, to Plaintiffs and each Plaintiff Class member,

19 | who have no adequate remedy at law, and will be irreparably harmed by the continuation of such

20 | unlawful practices of the Defendants.

21 |     92.    Because the Defendants have acted unlawfully as alleged above, and will continue

22 | to so act in the absence of relief by this court, preliminary and permanent injunctive relief is

23 | appropriate, enjoining the Defendants and their agents from practicing such unlawful practices

24 | heretofore alleged.

25 |     93.    Wherefore, Plaintiffs and each Plaintiff Class member request relief as hereinafter

26 | prayed for.

27 | ///

28 | ///

## PRAYER FOR RELIEF

**Wherefore, Plaintiffs, on their own behalf and on behalf of the Plaintiff Class pray as follows:**

1.   That the court determine this action may be maintained as a class action and certify the Plaintiff Class;

2.   That the court determine that the failure of the Defendants to pay wages and overtime compensation to the Plaintiffs and each Plaintiff Class member be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

3.   That the Defendants be ordered to pay and judgment be entered for wages, overtime wages, and premium pay compensation for unprovided rest and meal periods for each Plaintiff and Plaintiff Class member, according to proof;

4.   That the Defendants be ordered to pay and judgment be entered for Labor Code section 203 penalties to each Plaintiff and Plaintiff Class member, according to proof;

5.   That the Defendants be ordered to pay and judgment be entered for Labor Code section 558 penalties, according to proof;

6.   That the Defendants be found to have engaged in unfair competition in violation of Business and Professions Code section 17200;

7.   That the Defendants be ordered and enjoined to pay restitution to the Plaintiffs, each Plaintiff Class member due to the Defendants unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code sections 17203 and 17204;

8.   That Defendants be enjoined from further acts of unfair competition and specifically from failing to pay overtime compensation to class members;

9.   For a declaratory judgment;

10.   For an accounting;

11.  For preliminary and permanent injunctive relief, including the payment by the Defendants of tax contributions on the accrued overtime compensation in the form of FICA, Social Security, Medicare, Unemployment Insurance or other appropriate payments;

12.  That Plaintiffs and Plaintiff Class members be awarded attorneys fees and costs pursuant to statute, including but not limited to Labor Code section 1194 and Code of Civil Procedure section 1021.5;

13.  Otherwise determine the appropriate remedy to compensate each Plaintiff and Plaintiff Class member as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate;

14.  Prejudgment Interest; and

15.  Any other relief as this court deems proper.


                                        LORENS & ASSOCIATES, APLC


                                        CADENA CHURCHILL, LLP


Dated: 5/27/05                          By: _____
                                        Raul Cadena, Esq.
                                        Attorneys for Plaintiffs


-21-
COMPLAINT

FILED   **SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

CIVIL FOR COURT USE ONLY OFFICE 5
*(SOLO PARA USO DE LA CORTE)*

2005 JUN 21   A 11: 45

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BOSTON MARKET CORPORATION, and DOES 1-50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JACLYN RIPPEE, an individual; and ROES 1-10 on behalf of
themselves and in a representative capacity for all others similarly
situated

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.   Una carta o una llamada telefónica no lo protegen.   Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.   Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.   Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.   Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.   Es recomendable que llame a un abogado inmediatamente.   Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.   Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.   Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Diego Judicial District- Superior Court of California

HALL OF JUSTICE

330 West Broadway, San Diego, CA 92101

| CASE NUMBER: |
| *(Número del Caso):* |
| **848267** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Raul Cadena, CADENA CHURCHILL, LLP

1202 Kettner Blvd., Suite 4100, San Diego, CA 92101

| DATE: 5-27-05 | Clerk, by | , Deputy |
| *(Fecha)* | *(Secretario)* R. Portillo | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

"B"

1 | **LORENS & ASSOCIATES, APLC**
Wayne Alan Hughes (SBN 48038)
2 | L. Tracee Lorens (SBN 150138)
1202 Kettner Blvd., Suite 4100
3 | San Diego, CA 92101
Telephone: (619) 239-1233
4 | Facsimile: (619) 239-1178

5 | **CADENA CHURCHILL, LLP**
Raul Cadena (SBN 185787)
6 | 1202 Kettner Blvd., Suite 4100
San Diego, CA 92101
7 | Telephone: (619)234-3776
Facsimile: (619)234-3641

8

9 | Attorneys for Plaintiff and all others similarly situated

10

11 | **SUPERIOR COURT OF CALIFORNIA**

12 | **COUNTY OF SAN DIEGO**

13

14 | JACLYN RIPPEE, an individual; and ROES 1-10)    Case No.: GIC848267
on behalf of themselves and in a representative)
15 | capacity for all others similarly situated      )
     )    **PLAINTIFF'S FIRST REQUEST**
16 |      Plaintiffs,      )    **FOR ADMISSIONS PROPOUNDED**
     )    **TO DEFENDANTS**
17 | v.      )
     )
18 | BOSTON MARKET CORPORATION, and DOES)    Dept: 72
1 through 50, inclusive      )    Judge: Hon. Kevin A. Enright
19 |      )
     Defendants.      )    Complaint Filed: May 27, 2005
20 | _____ )    Trial Date: Not Assigned Yet.

21

22 | **PROPOUNDING PARTY**      :      **Plaintiff**

23 | **RESPONDING PARTY**      :      **Defendant Boston Market Corporation**

24 | **SET NUMBER**      :      **One**

25

26

27

28

"C" -1-

1    TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

2         Plaintiff Jaclyn Rippee and all others similarly situated, hereby request that the above listed

3    Defendant respond to the following set of Request for Admissions.

4         *PLEASE TAKE NOTICE* that if the responding Defendant does not admit said facts, and

5    Plaintiffs subsequently prove the truth of any such facts, Plaintiffs will apply to the Court in this

6    action for an order requiring that the responding Defendant pay the reasonable expenses incurred

7    in making that proof, including reasonable attorney's fees pursuant to California Code of Civil

8    Procedure § 2033(o).

9    **DEFINITIONS**

10        1.    "YOU" and "YOUR" includes Defendants' affiliates, subsidiaries, predecessors,

11    successors, parents and related corporations and entities, agents, employers, employees,

12    representatives, and all other persons acting on Defendants' behalf or under Defendants' control.

13        2.    "CREW MEMBER(S)" refers to any and all current and former crew members who

14    worked in a Boston Market restaurant within the State of California at some time between May 27,

15    2001 and the present time.

16        3.    "CERTIFIED TRAINER(S)" refers to any and all current and former certified

17    trainers who worked in a Boston Market restaurant within the State of California at some time

18    between May 27, 2001 and the present time.

19        4.    "HOURLY SHIFT MANAGER(S)" refers to any and all current and former hourly

20    shift managers who worked in a Boston Market restaurant within the State of California at some

21    time between May 27, 2001 and the present time.

22        5.    "HOURLY SHIFT SUPERVISOR(S)" refers to any and all current and former

23    hourly shift supervisors who worked in a Boston Market restaurant within the State of California

24    at some time between May 27, 2001 and the present time.

25        6.    "EMPLOYEE HANDBOOK" refers to former and current versions of the employee

26    handbook entitled Boston Market Employee Guidelines and circulated to California employees

27    since January 1, 2000.

28    ///

### REQUEST FOR ADMISSIONS

1.     Admit that each of YOUR California restaurants follows the same corporate policies and procedures as they relate to the job descriptions and duties of employees.

2.     Admit that the training materials used in the training program for all CREW MEMBERS of YOUR California restaurants is the same regardless of the location to which such titled employee is assigned.

3.     Admit that each CREW MEMBER employed by YOU at a California restaurant is subject to the same EMPLOYEE HANDBOOK.

4.     Admit that the training materials used in the training program for all CERTIFIED TRAINERS of YOUR California restaurants is the same regardless of the location to which such titled employee is assigned.

5.     Admit that each CERTIFIED TRAINER employed by YOU at a California restaurant is subject to the same EMPLOYEE HANDBOOK.

6.     Admit that the training materials used in the training program for all HOURLY SHIFT MANAGERS of YOUR California restaurants is the same regardless of the location to which such titled employee is assigned.

7.     Admit that each HOURLY SHIFT MANAGER employed by YOU at a California restaurant is subject to the same EMPLOYEE HANDBOOK.

8.     Admit that the training materials used in the training program for all HOURLY SHIFT SUPERVISORS of YOUR California restaurants is the same regardless of the location to which such titled employee is assigned.

9.     Admit that each HOURLY SHIFT SUPERVISOR employed by YOU at a California restaurant is subject to the same EMPLOYEE HANDBOOK.

10.     Admit that each CREW MEMBER employed by YOU at a California restaurant is subject to the same corporate policies and practices.

11.     Admit that each CERTIFIED TRAINER employed by YOU at a California restaurant is subject to the same corporate policies and practices.

///

 

1       12. Admit that each HOURLY SHIFT MANAGER employed by YOU at a California

2 restaurant is subject to the same corporate policies and practices.

3       13. Admit that each HOURLY SHIFT SUPERVISOR employed by YOU at a

4 California restaurant is subject to the same corporate policies and practices.

5       14. Admit that for the period from May 27, 2001 to May 27, 2005, YOU required

6 CREW MEMBERS to work in excess of eight hours per day, but did not pay such persons amounts

7 that equaled one and one-half times their regular rate of pay for hours worked in excess of eight

8 hours per day.

9       15. Admit that for the period from May 27, 2001 to May 27, 2005, YOU required

10 CERTIFIED TRAINERS to work in excess of eight hours per day, but did not pay such persons

11 amounts that equaled one and one-half times their regular rate of pay for hours worked in excess

12 of eight hours per day.

13      16. Admit that for the period from May 27, 2001 to May 27, 2005, YOU required

14 HOURLY SHIFT MANAGERS to work in excess of eight hours per day, but did not pay such

15 persons amounts that equaled one and one-half times their regular rate of pay for hours worked in

16 excess of eight hours per day.

17      17. Admit that for the period from May 27, 2001 to May 27, 2005, YOU required

18 HOURLY SHIFT SUPERVISORS to work in excess of eight hours per day, but did not pay such

19 persons amounts that equaled one and one-half times their regular rate of pay for hours worked in

20 excess of eight hours per day.

21      18. Admit that for the period from May 27, 2001 to May 27, 2005, YOU required

22 CREW MEMBERS to perform duties without paying compensation therefor.

23      19. Admit that for the period from May 27, 2001 to May 27, 2005, YOU required

24 CERTIFIED TRAINERS to perform duties without paying compensation therefor.

25      20. Admit that for the period from May 27, 2001 to May 27, 2005, YOU required

26 HOURLY SHIFT MANAGERS to perform duties without paying compensation therefor.

27      21. Admit that for the period from May 27, 2001 to May 27, 2005, YOU required

28 HOURLY SHIFT SUPERVISORS to perform duties without paying compensation therefor.



22.    Admit that for the period from May 27, 2001 to May 27, 2005, YOU required CREW MEMBERS to work in excess of four hours per day without providing them a rest period.

23.    Admit that for the period from May 27, 2001 to May 27, 2005, YOU required CERTIFIED TRAINERS to work in excess of four hours per day without providing them a rest period.

24.    Admit that for the period from May 27, 2001 to May 27, 2005, YOU required HOURLY SHIFT MANAGERS to work in excess of four hours per day without providing them a rest period.

25.    Admit that for the period from May 27, 2001 to May 27, 2005, YOU required HOURLY SHIFT SUPERVISORS to work in excess of four hours per day without providing them a rest period.

26.    Admit that for the period from May 27, 2001 to May 27, 2005, YOU required CREW MEMBERS to work in excess of five hours per day without providing them 30-minute meal periods.

27.    Admit that for the period from May 27, 2001 to May 27, 2005, YOU required CERTIFIED TRAINERS to work in excess of five hours per day without providing them 30-minute meal periods.

28.    Admit that for the period from May 27, 2001 to May 27, 2005, YOU required HOURLY SHIFT MANAGERS to work in excess of five hours per day without providing them 30-minute meal periods.

29.    Admit that for the period from May 27, 2001 to May 27, 2005, YOU required HOURLY SHIFT SUPERVISORS to work in excess of five hours per day without providing them 30-minute meal periods.

30.    Admit that for the period from May 27, 2001 to May 27, 2005, YOU required CREW MEMBERS to work in excess of ten hours per day without providing them a second 30-minute meal period.

31.    Admit that for the period from May 27, 2001 to May 27, 2005, YOU required CERTIFIED TRAINERS to work in excess of ten hours per day without providing them a second

 

1    30-minute meal period.

2        32.    Admit that for the period from May 27, 2001 to May 27, 2005, YOU required

3    HOURLY SHIFT MANAGERS to work in excess of ten hours per day without providing them a

4    second 30-minute meal period.

5        33.    Admit that for the period from May 27, 2001 to May 27, 2005, YOU required

6    HOURLY SHIFT SUPERVISORS to work in excess of ten hours per day without providing them

7    a second 30-minute meal period.

8        34.    Admit that YOU are adequately capitalized to satisfy a 50 million dollar judgment.

9        35.    Admit that YOU are a wholly owned subsidiary of McDonald's Corporation.

10

11                                    **LORENS & ASSOCIATES, APLC**

12

13                                    **CADENA CHURCHILL, LLP**

14   Dated: __6_/_23_/_05___            By: _____

15                                    Raul Cadena, Esq.
                                      Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

# CIVIL COVER SHEET

JS 44
(Rev. 07/89)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

JACLYN RIPPEE, an individual; and ROES 1-10 on behalf of themselves and in a representative capacity for all other similarly situated

**DEFENDANTS**

BOSTON MARKET CORPORATION, and DOES 1-50, inclusive

05 CV 1 359 BTM (JMA)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

LORENS & ASSOCIATES, APLC
L. TRACEE LORENS
1202 KETTNER BLVD., SUITE 4100
SAN DIEGO, CA  92101
(619) 239-1233

ATTORNEYS (IF KNOWN)

PILLSBURY WINTHROP SHAW PITTMAN LLP
101 WEST BROADWAY, SUITE 1800
SAN DIEGO, CA  92101
(619) 234-5000

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Defendant Boston Market Corporation bases its removal on the Class Action Fairness Act of 2005, 28 USC Sections 1332(d)(2) and 1453.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [X] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ 50,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    Docket Number _____

DATE
July 5, 2005

SIGNATURE OF ATTORNEY OF RECORD
_[signature]_    Dawn M. Bradberry, Esq.

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

115144  $250.00  #2  7/6/05

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

(rev. 07/89)

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)