Case 3:05-cv-01359-BTM-JMA   Document 54   Filed 06/07/06   Page 1 of 6
USDC SCAN INDEX SHEET










```
RYC    6/9/06    9:28
3:05-CV-01359  RIPPEE V. BOSTON MARKET CORP
*54*
*DECL.*
```

| | |
|---|---|
| 1  **LORENS & ASSOCIATES, APLC**<br>L. Tracee Lorens (SBN 150138)<br>2  Wayne Alan Hughes (SBN 48038)<br>1202 Kettner Blvd., Suite 4100<br>3  San Diego, CA 92101<br>Telephone: 619.239.1233<br>4  Facsimile: 619.239.1178<br><br>5  **CADENA CHURCHILL, LLP**<br>Raul Cadena (SBN 185787)<br>6  1202 Kettner Blvd., Suite 4100<br>San Diego, CA 92101<br>7  Telephone: 619.546.0888<br>Facsimile: 619.234.3641 | FILED<br><br>06 JUN -7 PM 3:20<br><br>[...] DISTRICT [...]<br>[...]<br><br>BY:    DEPUTY |

Attorneys for Plaintiff and all others similarly situated

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN RIPPEE, an individual; and ROES 1-10) on behalf of themselves and in a representative) capacity for all others similarly situated )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BOSTON MARKET CORPORATION, and DOES) 1 through 50, inclusive )<br>)<br>Defendants. )<br>)<br>)<br>) | Case No.: 05 CV 1359 BTM (JMA)<br><br>**DECLARATION OF RAUL CADENA, CLASS COUNSEL IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: June 14, 2006<br>Time: 2:00 p.m.<br>Judge: Hon. Barry T. Moskowitz<br>Courtroom 15, 5th Floor<br><br>(APPEARANCE REQUIRED) |



ORIGINAL

-1-

Case No. 05CV1359BTM(JMA)
DECLARATION OF RAUL CADENA, CLASS COUNSEL IN SUPPORT OF
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

COMES NOW, declarant, RAUL CADENA, and declares as follows:

1. I am one of the class counsel for the Plaintiffs herein, and am a partner with the law firm of Cadena Churchill, LLP. I have personal knowledge of all of the facts herein declared and, if called upon to testify as a witness, could testify truthfully and competently to that which follows.

2. I am a Member of the State Bar of the State of California in good standing. I am licensed to practice before all of the courts of the State of California. I have been continuously practicing law in the State of California since 1996, when I was admitted to practice law by the State Bar. Prior to that, I practiced law in Texas for approximately two years after being admitted to practice law in that state. My current practice emphasizes the representation of plaintiffs in labor and employment law. Several of our firm's cases are multiple plaintiff actions and class actions, wherein our firm is acting as counsel and/or co-lead class counsel. In particular, I am currently co-counsel in class actions against Mobile Systems Wireless, Inc., Ecology Auto Parts, Inc., Norwalk Industries, L.P. and Mandel Security Company, Inc.

3. For several years prior to founding the law firm of Cadena Churchill, LLP, my practice involved representation of employers in labor and employment matters. This included advising and counseling companies on various personnel issues, including wage and hour issues. All together, I have been practicing in the area of labor and employment law for over ten (10) years.

4. I am currently a member of the Board of Directors of Consumer Attorneys of San Diego ("CASD") and I am the Column Editor for the Employment Law Column in Trial Bar News, a CASD publication. I am a member of the National Employment Lawyers Association and the California Employment Lawyers Association. In addition to being a member of the Board of Directors for the National Conflict Resolution Center ("NCRC"), I also mediate workplace disputes for NCRC.

5. In spring 2005, I contacted L. Tracee Lorens about two potential wage and hour class actions against Boston Market. Over the next few months, I met with former and current employees of the company, reviewed documents, and performed extensive research on the company. Through this investigation, I discovered that Boston Market had improperly classified

-2-

its general managers as exempt employees when the real management was performed by higher level employees, such as the Area Managers. Boston Market appeared to have also failed to provide its hourly employees with required meal and rest breaks and to pay them for all of their regular and overtime hours. Based on my findings, as well as those of my co-counsel, in May 2005, I drafted, prepared, and filed two complaints on behalf of General Managers and hourly employees against Boston Market.

6. Over the next 8 months, I assisted in the prosecution of my clients' claims against Boston Market. In total, I have personally spent in excess of 600 hours in litigating the two cases and setting the stage for a favorable settlement on behalf of the thousands of Boston Market employees who were denied overtime compensation, regular compensation and required rest and meal breaks. Attached as **Exhibit 11 and 12** to the Notice of Lodgment are true and correct copies of the time and cost records for Cadena Churchill, LLP, for both the <u>Rippee</u> and <u>Barile</u> matters.

7. Specifically, I: (1) researched the various bodies of law applicable to the Plaintiffs' claims; (2) researched online databases to determine whether Boston Market had been sued for wage and hour claims; (3) extensively researched discovery issues relating to the two cases, including Defendant's objections to maintaining and producing documents; (4) drafted the Complaints; (5) drafted and served written discovery on the Defendant; (6) extensively researched the Class Action Fairness Act ("CAFA") to determine its application to the two cases and burdens of proof. In particular, this required delving into the legislative history and analyzing the Committee Reports; (7) drafted and filed the Plaintiffs' motions to remand and response to Order to Show Case Why Case Should Not Be Remanded; (8) reviewed thousands of pages of documents produced by Defendant and witnesses during the discovery process; (9) worked with Ms. Lorens, co-counsel, in preparation for the various oral arguments and hearings; (10) communicated with numerous putative Class Members regarding their experiences at Boston Market; and (11) prepared for and attended one (1) mediation in December 2005 and two (2) settlement conferences in January 2006.

///

-3-

8.  Since day one, I knew that we needed to discover documents and employees of Boston Market establishing the common issues of fact necessary to gain Class Certification. With that in mind, I spent the majority of my time from March through fall 2005 propounding discovery, meeting and conferring, researching and briefing jurisdictional issues, and entering into stipulations in an attempt to get the necessary documents and information from the Defendants. In October 2005, after much effort, the Defendants produced over 30,000 pages of documents. The review of these documents was very time consuming and difficult. However, after many hours, and many long nights, we completed the review. I, along with co-counsel, then began the process of narrowing the documents down in preparation for mediation.

9.  It is my belief that the amount of the settlement is fair. As the Settlement Agreement provides, substantial benefits were incurred in addition to payment to the class. And, the settlement is fair given the delay, risk, and expense involved with further litigation. Even assuming a favorable verdict for Plaintiffs and the putative class at trial, Plaintiffs and the Class must also contend with the possibility of an appeal from any judgment, the attendant costs and delay, and the possibility of reduction or reversal of a jury award.

10.  Geri Barile, one of the class representatives, has been very forthcoming providing evidence and information on other class members and spent hundreds of hours working on this case. Plaintiffs' counsel has met with her many times and the Class has benefitted greatly from her many contributions.

11.  In addition to the hundreds of hours Ms. Barile spent on this case, Ms. Barile's refusal to ignore the wage and hour violations resulted in her termination. Accordingly, the $20,000.00 enhancement not only reflects the number of hours she invested in the case but also seems particularly appropriate in light of the fact that she paid with her job for refusing to ignore the wage and hour violations.

12.  An enhancement request of $5,000.00 each is requested for Class Representatives Jaclyn Rippee and Alfredo Ponce. Ms. Rippee and Mr. Ponce were helpful as indicated by the number of hours they each worked on the case, but not to the same level as Ms. Barile. If the Class

-4-

Case No. 05CV1359BTM(JMA)
DECLARATION OF RAUL CADENA, CLASS COUNSEL IN SUPPORT OF
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1   Representatives had not been available to work up the case, Class Counsel would have hired
2   paralegals/law clerks to do the work done by the Class Representatives at $95.00 per hour as per
3   the retainer agreement. This would have required us to bill no less than $30,000.00 for the work
4   done by the Class Representatives.

5        I declare under penalty of perjury under the laws of the State of California that the foregoing
6   is true and correct and that this declaration was executed on June 7, 2006, at San Diego, California.

_____
RAUL CADENA

-5-